**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ALVARO STEVE ALVAREZ GALLARDO,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES, DEPARTMENT OF JUSTICE;  et al.,

Respondents.

Case No.:  26cv2273 DMS JLB

**ORDER GRANTING PETITION**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus.  (Pet., ECF No. 1.)  Respondents filed a return, stating in light of the Court's previous decisions, they do not oppose the Petition and defer to the Court on the appropriate relief.  (Return, ECF No. 5, at 2–3.)  Petitioner filed a traverse.  (ECF No. 6.)

In January 2020, Petitioner, a national of El Salvador, entered the United States as a juvenile (then 14 years old) without inspection or admission.  (Pet. ¶ 21.)  He turned himself into immigration authorities and was detained by the Office of Refugee Resettlement.  (*Id.* ¶ 3.)  He was released on February 12, 2020 and served with a Notice to Appear.  (*Id.* ¶¶ 3, 23.)  However, the Department of Homeland Security did not file the Notice to Appear

1

with an immigration court, and therefore did not initiate removal proceedings against him at that time. (*Id.* ¶¶ 3, 23.) On February 25, 2026, a Superior Court judge appointed Petitioner's material aunt as his guardian, found he was abandoned and neglected by both of his parents, and found it not in his best interest to be returned to El Salvador. (*Id.* ¶¶ 4, 21.) Shortly after, Petitioner filed a Special Immigrant Juvenile petition with the United States Citizenship and Immigration Services. (*Id.* ¶¶ 4, 21.)

On March 5, 2026, Petitioner was arrested and detained while driving through an immigration checkpoint. (*Id.* ¶¶ 5, 24.) He remains detained at the Otay Mesa Detention Center, and has yet to receive a bond hearing. (*Id.* ¶¶ 5, 24.)

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). The Court finds Petitioner's detention violates the Fifth Amendment's Due Process Clause and therefore grants the Petition. When determining whether Petitioner's procedural due process rights have been violated, the Court must consider:

> [f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, Petitioner had a liberty interest—the interest in being free from imprisonment—because he was released at the time of his re-detention. *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 416 (S.D.N.Y. 2025) (citation modified) (citation omitted); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) (finding the petitioner "has

2

26cv2273 DMS JLB

a private interest in remaining free, which developed over the year he resided in the United States"). This factor weighs in Petitioner's favor.

Next, there is a high risk of erroneous deprivation of this liberty interest when noncitizens are re-detained without a hearing. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025) (citing cases). Here, Petitioner was detained while driving. He contends he did not receive notice, an explanation of the reasons for his re-detention, or an opportunity to contest his re-detention. (Pet. ¶¶ 47, 48.) Respondents do not specifically respond to Petitioner's allegations, beyond a broad statement that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Return 2.) Thus, the Corut accepts Petitioner's allegations as true. Because Petitioner was re-detained without process, the second factor weighs in favor of Petitioner.

On the third factor, "[t]he government may have a 'strong interest' in detaining noncitizens during the pendency of removal proceedings as needed to protect the public from dangerous criminal aliens, or to prevent flight and thereby increase the chance that the aliens will be successfully removed." *Pablo Sequen*, 806 F. Supp. 3d at 1090 (citation modified) (citation omitted). However, when the Government previously decided to release a noncitizen, and there is no evidence of any changed circumstance that might have caused the Government to reconsider that decision, its interest in re-detention is low. *Doe v. Chestnut*, No. 25-cv-01372, 2025 WL 3295154, at *10 (E.D. Cal. Nov. 26, 2025) (citations omitted). Here, there is no evidence of any changed circumstance that would justify the Government's decision to detain Petitioner after releasing him. Thus, this factor also weighs in Petitioner's favor. Applying the *Mathews* balancing test, the Court finds that Petitioner's detention violates his due process rights and **GRANTS** the Petition.

Respondents shall release Petitioner within **24 hours**. Respondents shall not re-detain Petitioner during the pendency of his removal proceedings (until a final order of removal is issued) without first providing a bond hearing before a neutral decisionmaker at which Respondents must prove that changed circumstances related to flight risk or danger warrant Petitioner's re-detention. Respondents are further **ORDERED** to file a

3

Status Report within **seven (7) days** of the entry of this Order, confirming Petitioner has been released.

     **IT IS SO ORDERED.**

Dated:  April 28, 2026

_____

Hon. Dana M. Sabraw
United States District Judge

26cv2273 DMS JLB